# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES M. KRUGER,

                Plaintiff,

v.

GREEN BAY CORRECTIONAL INSTITUTION, SGT YANG, SGT RETZLAFF, SGT STANK, LT MEIJA, and SGT DUPONT.

                Defendants.

Case No. 23-CV-432-JPS

**ORDER**

Plaintiff James M. Kruger, an inmate confined at the Wisconsin Resource Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On April 14, 2023, Plaintiff paid the filing fee in full. This Order screens Plaintiff's complaint.

**1.     SCREENING THE COMPLAINT**

    **1.1     Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of

Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 1.2 Plaintiff's Allegations

Plaintiff's complaint alleges various issues related to his treatment in Green Bay Correctional Institution. Plaintiff's allegations include: (1) that Defendants took Plaintiff's property, including his Harley Davidson glasses, prayer oil, weightlifting gloves, Mountain Dew, and legal mail; (2) that staff told Plaintiff his food was poisoned, causing him to not eat food or water for forty-two days; (3) that Defendant CO Stanke gave him a hot dog cooked in strychnine, a poison; (4) that some of his inmate complaints

were thrown in the garbage; and (5) that he was denied medical care for six to eight months for violent convulsions that prevented him from standing, walking, or seeing straight. ECF No. 1 at 2-4. The Court will not elaborate on Plaintiff's allegations in detail, however, because Plaintiff's claims, as discussed below, do not belong in the same lawsuit.

### 1.3 Analysis

The Court will dismiss Plaintiff's complaint, with leave to amend, for its failure to comply with Federal Rules of Civil Procedure 18 and 20. While multiple claims against a single party are fine, a plaintiff cannot bring unrelated claims against different defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). A plaintiff may join multiple defendants in a single case only if the plaintiff asserts at least one claim against each defendant that arises out of the same events or incidents and involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George*, 507 F.3d at 607; *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Plaintiff's complaint violates Rules 18 and 20 because he seeks to bring unrelated claims against unrelated defendants. As such, the Court will dismiss Plaintiff's complaint, with leave to amend. An amended complaint must be filed on or before **July 28, 2023.**

When writing his amended complaint, Plaintiff should provide the Court with enough facts to answers to the following questions: (1) Who violated his constitutional rights?; (2) What did each person do to violate his rights?; (3) Where did each person violate his rights?; and (4) When did each person violate his rights? Plaintiff's amended complaint does not need

to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and each Defendant with notice of what each Defendant allegedly did or did not do to violate his rights.

The Court is enclosing a copy of its amended complaint form. Plaintiff must list all of the defendants in the caption of his amended complaint. He should use the spaces on pages two and three to allege the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If the space is not enough, Plaintiff may use up to five additional sheets of paper. The amended complaint takes the place of the prior complaint and must be complete, without reference to his prior complaint.

Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915A.

2. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that the complaint fails to state a claim;

**IT IS FURTHER ORDERED** that Plaintiff may file an amended complaint that complies with the instructions in this Order on or before **July 28, 2023.** If Plaintiff files an amended complaint by the deadline, the Court

will screen the amended complaint under 28 U.S.C. § 1915A. If Plaintiff does not file an amended complaint by the deadline, the Court will dismiss this case based on his failure to state a claim in his original complaint and will issue him a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 7th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.